SMITH v. SUPREME COUNCIL ROYAL ARCANUM.

(November 7, 1900.)

1. *Insurance—Benefit Certificate—Surrender.*

> A requirement in an insurance policy that the policy be sur-
> rendered before payment, is met by satisfactorily account-
> ing for the same.

2. *Insurance—Admissions.*

> Where an insurance company fails to set up by way of defense
> that the insured ever requested or desired a change of
> beneficiary in the policy, it must be taken as an admission
> that no such change was made known to them by the as-
> sured.

3. *Insurance—Assignment—Beneficiary.*

> A person having an insurance policy in possession—not being
> named beneficiary therein—has no interest in the policy, it
> not having been assigned to him. ·

CIVIL ACTION by B. N. Smith against Supreme Council
of Royal Arcanum, heard by Judge *W. A. Hoke* and a jury,
at Fall Term, 1900, of GUILFORD Superior Court. From
judgment for plaintiff, both parties appealed.

*Scales & Scales,* for plaintiff.
*Chas. M. Steadman* and *W. H. Day,* for defendant.

PLAINTIFF'S APPEAL.

MONTGOMERY, J.   At the time of his death, Flavius Bing-
ham Smith was insured in defendant company; the bene-
ficiary named in the policy being the plaintiff, the father of
the insured.   Proofs of death were properly made out and
received by the company, demand was made by the plaintiff
for the amount of insurance, payment was refused, and this

action was brought to recover it. The only defense set up in the answer is that the plaintiff failed, and still fails, to surrender to the defendant the policy of insurance—the benefit certificate; the said certificate containing a provision in these words: "These conditions being complied with, the Supreme Council of the Royal Arcanum hereby promises and binds itself to pay out of the widows and orphans' benefit fund to B. N. Smith a sum not exceeding three thousand dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said member, and upon the surrender of this certificate." Among other averments in the answer is one to the effect that the defendant is now, and always has been, ready to pay the amount of the policy, upon the production and delivery of the said certificate. It is further set out in the answer that the policy of insurance is in the hands of Annie J. Smith, the widow of the insured, and that she claims to be the beneficiary and entitled to the insurance, and has made demand upon the defendant for payment, offering to surrender the policy upon payment to her of the amount of insurance. The plaintiff admitted that he did not have possession of the benefit certificate. The following issues were submitted to the jury: "(1) Was the benefit certificate mentioned in the complaint in the possession and control of Annie J. Smith, widow of the insured, or in possession and control of any one for her, at the time this action was commenced? And is it still in her possession and control, in the State of Virginia, and is she now making claim against the company on said policy? (2) Has defendant company waived production of policy and certificate required by its terms before bringing suit? (3) Has plaintiff the present right to recover of defendant this amount of said certificate and policy, to-wit, three thousand dollars and interest from March 1,

1898 ?" And at the conclusion of the evidence his Honor directed the jury, if they believed the evidence, to answer the first issue, "Yes;" the second, "No;" and the third, "Yes; to be paid out only on the further order of court." The plaintiff excepted to these instructions, and then moved for a judgment *non obstante veredicto,* and tendered a judgment absolute for $3,000—the amount of the policy, interest, and costs —which his Honor declined. There were other grounds of alleged error set out by the plaintiff—among them, one that the Court directed the jury to answer the third issue, "to be paid out only on further order of the court." There is no error pointed out in this appeal, except in the qualifying part of the instruction of his Honor to the jury to respond to the third issue, "Yes; to be paid out only on the further order of the court," the incorporation of that feature of the verdict into the judgment, and the requirement of the clerk to cause notice to be given by publication to Annie J. Smith to come in and establish her claim, if she has any, to the fund. If the answer of the defendant is carefully read, it will be seen that the defendant does not make any averment that the insured had ever directed that a new certificate be issued to him by the company, in which the beneficiary was to be changed to Annie J. Smith, his wife, instead of the original beneficiary, the plaintiff, his father. Section 333 of the defendant's constitution and by-laws allowed a member, upon the payment of a small fee, to make a written surrender of his benefit certificate, upon which he would receive a new certificate, payable to such beneficiary as the member might designate. The written surrender, under sec. 334, was required to be forwarded, under seal of the council, to the supreme secretary, and sec. 335 declared that parol evidence of a member's intention or desire to change his beneficiary must be disregarded. Section 337 declares that the change of the bene-

ficiary shall take effect upon the delivery of the benefit certificate, the written surrender, and direction for change. The defendant issued the policy, the plaintiff being named beneficiary therein; and the defendant does not set up in its answer any matter going to show that the assured ever had expressed any desire or made any request, either verbal or in writing, to change the beneficiary, or ever had surrendered, or ever offered to surrender, the benefit certificate for the purpose of having the beneficiary changed. The company knows better than anyone else whether the insured ever requested or desired a change of beneficiary in the policy, and, not setting up such matter of defense in the answer, it must be taken as an admission that no such change or desire of change was ever made known by the assured to the company. Besides, under the constitution and by-laws, Annie J. Smith, the widow, could have no interest in the policy, because she still holds it, and there never has been any change of beneficiary, and the constitution and by-laws forbid any assignment of the policy. Section 327. So the plaintiff is entitled to a judgment absolute for the amount named in the benefit certificate, unless that feature of the same which requires of the plaintiff the surrender of the original certificate is a barrier to his recovery. We are of the opinion that that requirement is not to be taken in its absolutely literal sense. Those words are to be construed reasonably, justly, equitably. If the policy had been lost or burned since the death of the insured, surely upon proof of that the terms of the contract would be met. So in this case the policy is accounted for, just as if it had been burned or lost. It is in the hands of the widow of the insured, who doubtless, got possession of it after the death of her husband, and in her hands it is as harmless as if it had been lost or destroyed. Under the constitution and by-laws of the company, it can not be made to pay the

loss to Mrs. Smith.    The plaintiff was entitled to a judgment absolute.

Modified and affirmed.

### DEFEND NT'S APPEAL IN SAME ACTION.

For the reasons set out in the plaintiff's appeal, there appears no error in the proceedings in this action of which the defendant can complain.

No error.